IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTIUS HARDING, *

    Petitioner, * Civil Action No. RDB-13-435

v. * Criminal Action No. RDB-05-231

UNITED STATES OF AMERICA, *

    Respondent. *

\* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM OPINION

On August 3, 2005, Martius Harding ("Petitioner") entered a guilty plea before this Court to conspiracy to distribute 50 grams or more of crack cocaine. On June 20, 2006, this Court sentenced him to 84 months incarceration with a four year period of supervised release.[1] Due to a retroactive application of the Fair Sentencing Act, on January 23, 2009, this Court granted a reduction to Petitioner's sentence to 72 months incarceration and four years supervised release. Petitioner's period of supervised release began on November 14, 2011. On January 9, 2012, Petitioner entered a guilty plea in the Eastern District of Virginia to misprision of a felony for events occurring while incarcerated.[2] Judge Payne, United States District Judge for the Eastern District of Virginia, placed Petitioner on a period of probation for four years, which was to run concurrent to this Court's supervised release. On

---

[1] The background facts that relate to Petitioner's initial sentencing are provided in this Court's Memorandum Opinion of January 23, 2009. ECF No. 44.
[2] Toward the end of his incarceration in Petersburg, Virginia, Petitioner was charged with misprision of a felony in violation of 18 U.S.C. § 751: knowingly and unlawfully concealing the commission of a felony and failing to report the commission of the offense to a judge or other person in civil authority. See Indictment, Criminal No. 11-284-REP, ECF No. 13. Petitioner's fellow inmates unlawfully left the work site, and the court charged Petitioner with knowledge of the felony, helping to conceal the felony, and failing to report the felony. See Statement of Facts, Criminal No. 11-284-REP, ECF No. 24.

August 21, 2012, Petitioner was arrested in Baltimore City for various acts, which triggered violations of both this Court's supervised release and the Eastern District of Virginia's probation. On October 16, 2012, Petitioner pled guilty in front of this Court to possession of controlled substances in violation of his supervised release, and this Court sentenced him to a year and one day of incarceration and a term of three years supervised release. On November 27, 2012 in the Eastern District of Virginia, Petitioner pled guilty to the same charge in violation of his probation. Judge Payne sentenced Petitioner to eighteen months incarceration to run consecutively to the incarceration this Court imposed.

Pending before this Court today is *pro se* Petitioner's Motion to Vacate, Set Aside, or Correct Sentence ( ECF No. 63) pursuant to 28 U.S.C. § 2255 challenging the validity of this Court's sentence running consecutively with Judge Payne's sentencing. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the

claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## ANALYSIS

Petitioner's Motion argues that this Court should review the revocation of supervised release and subsequent sentence issued by this Court on October 16, 2013. Petitioner's motion fails because (1) a § 2255 motion is an inappropriate vehicle to raise these arguments; (2) this Court cannot grant the relief requested; and (3) double jeopardy is not applicable to the sentences imposed.

### I. A § 2255 Motion is an Inappropriate Vehicle for Petitioner's Arguments

The Petitioner's Motion requests this Court to rule that any sentences imposed for his supervised release violation run concurrently with the sentences handed down by Judge Payne. A § 2255 motion is an inappropriate vehicle to make such requests because this issue should be adjudicated on appeal. *See Sunal v. Large*, 332 U.S. 174, 178-80 (1974) (A non-constitutional issue that could have been raised on direct appeal may not be raised in a collateral attack such as a § 2255 motion); *see also Bousley v. United States*, 523 U.S. 614 (1998) ( "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (citations omitted)). As such, Petitioner should have raised these issues on appeal rather than attempt to assert them in a § 2255 motion.[3]

### II. This Court Cannot Grant the Relief Requested

---

[3] Petitioner did in fact appeal for the reasons set forth in his § 2255 motion, but voluntarily dismissed this appeal. *See United States v. Harding*, No. 12-4990 (4th Cir. June 10, 2013) (order granting Voluntary Motion to Dismiss).

3

However, even if Petitioner's Motion is construed as a constitutional claim under the Double Jeopardy Clause of the Fifth Amendment and reviewed on its merits, this Court is not the appropriate court to grant the relief requested. Petitioner essentially seeks to have this Court review Judge Payne's decision to exercise his discretion in imposing sentences concurrent to one another.[4] Judge Payne heard arguments from both Petitioner and the Government about running the sentences concurrent or consecutive to one another, and he ruled to impose consecutive sentences. *See* Brief for United States at \*11, *United States v. Harding*, 2012 WL 7807802 (4th Cir. March 28, 2012) (No. 12-4990). According to the United States Sentencing Guidelines, a term of imprisonment "imposed upon the revocation of probation or supervised release *shall* be ordered to be served consecutively to any sentence." U.S.S.G. § 7B1.3(f) (emphasis added). Application Note Four to §7B1.3 further states: "it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon the revocation." While the Sentencing Guidelines are not mandatory, a district court judge must consult them and impose a sentence that the judge deems reasonable. *See United States v. Booker*, 543 U.S. 220, 259-62 (2005). This sentence is then subject to review by an appellate court for unreasonableness or abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 46-47 (2007).

Judge Payne of the United States District Court for the Eastern District of Virginia specifically decided that the sentences should run consecutively, *see* Brief for United States at

---

[4] This Court imposed its sentence of one year and one day incarceration on October 16, 2013. Thereafter, on November 27, 2013, Judge Payne imposed a sentence of two years incarceration to run consecutively to the sentence imposed by this Court. Thus, in order for this Court to rule for the sentences to run concurrently, it would have to overturn Judge Payne's decision.

4

\*11, 2012 WL 7807802, and it is not the province of this Court to review a discretionary decision made by another district judge. *See Gall*, 552 U.S. 38, 46-47 (holding that an appellate court is to review sentences that fall outside of the guidelines for unreasonableness and abuse of discretion); *Allfirst Bank v. Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513, 517 (D. Md. 2001) (holding that the district court cannot act as an appellate court and review an issue that was fully briefed and ruled on by a judge in another federal district court); *Wilson v. Ohio River Co.*, 236 F. Supp. 96, 98 (W.D. Va. 1964) (holding that it is improper for a judge to review a discretionary ruling of another judge "of coordinate authority in the same case" (citations omitted)); *see also Feller v. Brock*, 802 F.2d 722, 727-228 (4th Cir. 1986) ("Prudence requires that whenever possible, coordinate courts should avoid issuing conflicting orders.") As such, this Court is not in a position to grant the relief requested by the Plaintiff.

III. Double Jeopardy is Inapplicable to this Case

Lastly, any claim of double jeopardy is without merit in this instance. The United States Court of Appeals for the Fourth Circuit has determined two components of the Double Jeopardy Clause of the Fifth Amendment: "'[t]he first provides protections against the imposition of cumulative punishments for the same offense in a single criminal trial; the second against being subjected to successive prosecutions for the same offense, without regard to the actual imposition of punishment." *United States v. Goodine*, 400 F.3d 202, 206 (4th Cir. 2005) (quoting *United States v. Ragins*, 840 F.2d 1184, 1187 (4th Cir. 1988)). Petitioner does not claim that he was subject to cumulative punishments for the same offense in a single criminal trial. Thus, any claim for double jeopardy would fall within the

second component. However, the Government prosecuted Petitioner for two separate offenses, and thus, a claim for double jeopardy fails.

The incident that caused this Court to place Petitioner on supervised release in Maryland is wholly distinct from the events that caused Judge Payne to place Petitioner on probation in Virginia. Terms of supervised release and any subsequent violation are considered part of the initial offense. *See United States v. Evans*, 159 F.3d 908, 913 ("[T]he term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the terms of the supervised release are all part of the original sentence." (citing *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir.), *cert. denied*, 519 U.S. 944 (1996))). Therefore, the two periods of supervision, though running consecutively, were different and subject to separate punishments if violated. Thus, the principle of double jeopardy is not applicable to this case. *See United States v. Coleman*, 241 Fed. App'x. 945, 946 (4th Cir. 2007) (holding that double jeopardy was inapplicable to a supervised release sentence because the term of supervised release is part of the original sentence).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 63) pursuant to 28 U.S.C. § 2255 is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: July 17, 2014

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge